UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMARIS JUSTINIANO, as the Personal Representative of the Estate of WILFREDO JUSTINIANO, JR., <br><br> Plaintiff, <br> v. <br><br> STEPHEN WALKER, and TIMOTHY P. ALBEN, <br><br> Defendants. | C.A. NO.: 1:15–cv–11587–DLC |

**AFFIDAVIT OF ILYAS J. RONA IN SUPPORT OF
PLAINTIFF'S MOTION TO VACATE JUDGMENT BASED ON
NEWLY DISCOVERED EVIDENCE**

I, Ilyas J. Rona, counsel for the Plaintiff, hereby state and depose as follows:

1. I am an attorney licensed to practice law in Massachusetts.

2. The discovery deadline in this matter was extended three times by agreement between the two sides.

3. On the third request, a joint motion filed by Defendant Walker on November 24, 2017, the parties requested a brief extension to January 15, 2018, in part because the parties were "working through issues surrounding a subpoena from the plaintiff to the Massachusetts State Police seeking 115 categories of records, including Walker's personnel and disciplinary history records." *See* ECF 53.

4. On November 14, 2017, Plaintiff served a subpoena on the Department of State Police, seeking among other things Walker's disciplinary history (Request No. 4) and any disciplinary findings that were sustained (Request No. 127). *See* Ex. C, below.

5. Three days later, on November 17, 2017, Plaintiff reiterated the request for disciplinary files and use of force reports and asked counsel for the Department of State Police, AAG DiGangi, for the state analog of a LR 37.1 conference.

6. On December 7, 2017, Walker responded to Plaintiff's February 28 discovery requests for the personnel file.

7. Plaintiff deposed Trooper Walker on December 14, 2017.

8. Days before Trooper Walker's deposition, the Department of State Police produced a disciplinary log.

9. After June 25, 2019, Plaintiff has learned that Trooper Walker made false, misleading, or materially omissive statements during his deposition.

10. Until learning of this, Plaintiff did not believe there was a good faith basis to doubt Trooper Walker's statements made under oath during his deposition.

11. In January 2018, AAG DiGangi withdrew from the case and AAG Lucia appeared on behalf of the Department of State Police.

12. Defendant Walker filed for summary judgment on February 15, 2018.

13. Around the same time, two related state cases pending in two different counties were consolidated.

14. Thereafter there was a procedural snafu where the matters were consolidated in the wrong county. After filing various motions, the actions were eventually transferred back to the appropriate county.

15. On April 13, 2018, Plaintiff conferred with Walker's counsel about the disciplinary records and personnel file, as Walker could consent to their production under Mass. Gen Laws Ch. 66, § 10 and Ch. 4, § 7(26).

16. On May 15, 2018, at the request of Mr. Lucia, Plaintiff sent an email requesting documents relating to Walker's disciplinary incidents and his use of force reports.

17. Plaintiff followed up on August 16, 2018, and again on September 26, 2018, looking for the Department's position on production of the disciplinary records and his use of force reports.

18. On September 30, 2018, the Court granted summary judgment and judgment in favor of Walker immediately entered.

19. Based on my discussions with AAG Lucia, it was my understanding that the Department of State Police was refusing to turn over Trooper Walker's disciplinary records and the related documents that would later by produced under court order.

20. Plaintiff served a motion to compel production of the records in Superior Court on May 21, 2019. The Commonwealth opposed the motion on May 31, 2019. The Superior Court granted the motion in part on June 11, 2019, and ordered production of certain disciplinary files and use of force reports by June 25, 2019.

21. The Commonwealth produced the records on June 25, 2019.

22. A true and accurate copy of the Superior Court's Order on Plaintiff's Motion to Compel in a related state court matter, Civil Action No. 1884CV02012, dated June 11, 2019 is attached as <u>Exhibit A.</u>

23. A true and accurate copy of Plaintiff's Request for Production of Documents Propounded on Defendant Stephen Walker is attached as <u>Exhibit B.</u>

24. A true and accurate copy of the Notice of Subpoena served on the Department of State Police is attached as <u>Exhibit C.</u>

25. A true and accurate copy of an email I sent on November 16, 2017 to Attorneys Tom DiGangi and David Officer is attached as <u>Exhibit D.</u>

26. A true and accurate copy of Defendant Stephen Walker's responses to Plaintiff's Request for Production of Documents is attached as <u>Exhibit E.</u>

27. A true and accurate copy of Defendant Stephen Walker's disciplinary history log is attached as <u>Exhibit F.</u>

28. A true and accurate copy of excerpts from the Deposition of Stephen Walker is attached as <u>Exhibit G.</u>

29. A true and accurate copy of a letter from Attorney Joseph Lucia to me, dated June 25, 2019 is attached as <u>Exhibit H.</u>

30. A true and accurate copy of an email I sent to Attorney David Officer on April 13, 2018 is attached as <u>Exhibit I.</u>

31. A true and accurate copy of the Department of State Police's General Order on the use of force, UOF-03, is attached as <u>Exhibit J.</u>

32. A true and accurate copy of excerpts from the Deposition of Trooper Joseph P. Durning is attached as <u>Exhibit K.</u>

33. A true and accurate copy of an email I sent to Attorney Joseph Lucia on May 15, 2018 is attached as <u>Exhibit L.</u>

34. A true and accurate copy of an email sent to me by Attorney Lucia on May 16, 2018 is attached as Exhibit M.

35. A true and accurate copy of an email I sent to Attorney Lucia on August 16, 2018 is attached as Exhibit N.

36. A true and accurate copy of an email I sent to Attorney Lucia on September 26, 2018 is attached as Exhibit O.

37. A true and accurate copy of an email sent to me by Attorney Lucia on October 2, 2018 is attached as Exhibit P.

38. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000208–212, is attached as Exhibit Q.

39. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000213–214, is attached as Exhibit R.

40. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000215–217, is attached as Exhibit S.

41. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000228, is attached as Exhibit T.

42. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000229, is attached as Exhibit U.

43. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000231, is attached as Exhibit V.

44. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000240–241, is attached as Exhibit W.

45. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000242–244, is attached as <u>Exhibit X.</u>

46. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000255, is attached as <u>Exhibit Y.</u>

47. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000259, is attached as <u>Exhibit Z.</u>

48. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000261–265, is attached as <u>Exhibit AA.</u>

49. A true and accurate copy of documents related to an internal investigation of Defendant Walker, marked AGO000269–270, is attached as <u>Exhibit BB.</u>

50. Redacted copies of <u>Exhibits F, G, L, M, and O – BB</u> will be filed via ECF, and unredacted copies will be filed in person, under seal.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27th DAY OF SEPTEMBER 2019

/s/ Ilyas J. Rona
Ilyas J. Rona, Esq. (BBO #642964)

### CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that the redacted version of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing. An unredacted version has been filed under seal and served by first class mail to all participants.

Date: September 27, 2019

/s/ Ilyas J. Rona
Ilyas J. Rona, Esq.