# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMARIS JUSTINIANO, as the Personal Representative of the Estate of WILFREDO JUSTINIANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN WALKER, and TIMOTHY P. ALBEN, <br><br> Defendants. | CIVIL ACTION NO. 1:15-cv-11587-NMG |

**PLAINTIFF DAMARIS JUSTINIANO'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON STEPHEN WALKER**

The Plaintiff hereby requests that the Defendant, Stephen Walker, produce and permit the Plaintiff's attorney or representative to inspect or copy the following documents, pursuant to Fed. R. Civ. P. 34. The requested documents may be produced to the law firm of Milligan Rona Duran & King LLC, at 50 Congress Street, Suite 600, Boston, MA 02109, within thirty (30) days from the date of service of this request. The Defendant, at his option, may comply with the request by mailing copies of the requested documents to the address above.

## DEFINITIONS

1. As used herein, the term "you," "your," "Walker" and "Defendant" shall mean the Defendant Stephen Walker.

1

2. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

3. The term "concerning" means referring to, describing, offering evidence of, or constituting.

4. As used herein, the terms "document" and "documents" shall have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and the Local Rules, and include all objects, tangible or intangible, from which information can be derived.

5. As used herein, the term "communication" shall mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise) and shall include every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise), and every disclosure, transfer, or exchange of information, including, without limitation, all letters, memoranda, notes, and messages, whether printed, typed, or handwritten, including, but not limited to, all electronic modes of correspondence such as email and faxes, and including all documents reflecting the substance or occurrence of conversations or meetings, and all attachments.

6. As used herein, the term "person" shall include any natural person or any business, legal, or governmental entity or association.

7. As used herein, the terms "policy" and "procedure" include any written or oral policy, procedure, or practice.

8. As used herein, the term "record" shall mean any document intended to record an event, transaction, or communication, including, without limitation, journals, books of account, vouchers, expense account reports, receipts, time sheets, transaction files, phone logs, monthly yearly statements, invoices, sales slips, sales orders, confirmation of purchases or sales orders, purchase orders, canceled checks, ledger entries, deposit slips, savings books, certificates of deposits, computer records or printouts, minute books, minutes of meetings of the board of directors or shareholders, resolutions, stock certificates, and the like.

9. As used herein, the terms "relate to," "refer to," and any variations thereof, shall mean regard, concern, describe, evidence, constitute, reflect, comprise, contain, embody, mention, show, support, contradict, and/or discuss, as required by the context to bring within the scope of this Request any documents and/or information that might be deemed outside the scope of a request by another construction.

10. As used herein, the word "any" shall mean "any and all."

11. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively, as required by the context to bring within the scope of this Request any documents and/or information that might be deemed outside the scope of a request by another construction.

12. As used herein, any word written in the singular shall be construed as plural and vice-versa, and any masculine word shall be construed as feminine or neuter

and vice-versa as required by the context to bring within the scope of this Request any documents and/or information that might be deemed outside the scope of a request by another construction.

13. As used herein, "including" shall mean including without limitation.

## INSTRUCTIONS

1. Where any copy of any document whose identification or production is sought is not identical to any other copy thereof, by reason of any alterations, notes, comments, or other materials contained thereon or attached thereto, or otherwise, all such non-identical copies shall be identified and produced. Documents that are physically attached to each other in defendant's file shall be left so attached when produced.

2. Any claims of attorney-client privilege must be made in compliance with Fed. R. Civ. P. 26 (b)(5)(A).

## DOCUMENT REQUESTS

1. Documents sufficient to identify all email accounts and email addresses used by you from 2013 to the present.

2. Documents sufficient to identify all cell phone numbers used by you from 2013 to the present.

3. Documents sufficient to identify the carriers or service providers of all cell phone numbers used by you from 2013 to the present.

4. Documents sufficient to identify all cell phone numbers capable of sending and receiving test messages used by you from 2013 to the present.

4

5. Documents sufficient to identify the carriers or service providers of all cell phone numbers capable of sending and receiving test messages used by you from 2013 to the present.

6. Copies of all resumes or curriculum vitae, including any drafts and versions, prepared by, relating to, or used by you from 2013 to the present.

7. All correspondence, including but not limited to emails and text messages, between you and Timothy P. Alben from June 14, 2013 to the present.

8. All correspondence, including but not limited to emails and text messages, between you and Trooper Joseph Durning from June 14, 2013 to the present.

9. All correspondence, including but not limited to emails and text messages, between you and Trooper Christopher Booth from June 14, 2013 to the present.

10. All correspondence, including but not limited to emails and text messages, between you and Trooper Anthony Fabiano from June 14, 2013 to the present.

11. All correspondence, including but not limited to emails and text messages, between you and Trooper Michael Close from June 14, 2013 to the present.

12. All correspondence, including but not limited to emails and text messages, between you and any employee, representative, or person acting on behalf of the Massachusetts State Police from June 14, 2013 to the present.

13. All correspondence, including but not limited to emails and text messages, between you and any person from June 14, 2013 to the present regarding Wilfredo Justiniano and/or Damaris Justiniano.

14. All correspondence, including but not limited to emails and text messages, between you and any employee, representative, or person acting on behalf of the Massachusetts State Police concerning training related to weapons, threat assessment, use of force, mental health, and crisis intervention.

15. All documents relating to the investigation of the Massachusetts State Police concerning the death of Wilfredo Justiniano.

16. All documents relating to the investigation of the Norfolk District Attorney, including correspondence, concerning the death of Wilfredo Justiniano.

17. All correspondence, including but not limited to emails and text messages, between you and any employee, representative, or person acting on behalf of the Norfolk District Attorney concerning any investigation of the circumstances surrounding the death of Wilfredo Justiniano on June 14, 2013, including but not limited to any investigation by the Massachusetts State Police.

18. All correspondence, including but not limited to emails and text messages, between you and any employee, representative, or person acting on behalf of the Massachusetts State Police concerning any investigation of the circumstances surrounding the death of Wilfredo Justiniano on June 14, 2013, including but not limited to any investigation by the Massachusetts State Police.

19. All correspondence, including but not limited to emails and text messages, between you and any employee, representative, or person acting on behalf of the Massachusetts State Police concerning implementation of, compliance or lack of

compliance with, or adherence or non-adherence to any recommendations or policy regarding crisis intervention training from June 2013 to present.

20. All correspondence, including but not limited to emails and text messages, between you and any person other than your attorneys concerning Wilfredo Justiniano from June 2013 to the present.

21. All correspondence, including but not limited to emails and text messages, between you and any person other than your attorneys concerning inadequate training of officers of the Massachusetts State Police Department from 2013 to the present.

22. All correspondence, including but not limited to emails and text messages, between you and any employee of the Commonwealth concerning your possible or actual reassignment, termination, suspension, discipline, layoff, and/or resignation from June 14, 2013 to the present.

23. All correspondence, including but not limited to letters, emails, text messages, LinkedIn messages, Facebook messages, Twitter messages, or any other digital messages on any platform between you and any person concerning your possible or actual reassignment, termination, suspension, discipline, layoff, and/or resignation from the position you occupied as of June 14, 2013.

24. Copies of all documents relating to or evidencing your employment with the Massachusetts State Police.

25. Copies of all training documents received, including manuals and rules.

26. All documents reflecting training received, including certificates.

27. Copies of all non-privileged documents relating to or referencing Wilfredo Justiniano.

28. Copies of all non-privileged documents relating to or referencing this lawsuit or any other lawsuit relating to your employment or duties with the Massachusetts State Police Department.

29. All correspondence, including but not limited to emails and text messages, between you and any recruiter, head-hunter, job poster, or career counselor from 2005 to the present.

30. All documents and records of any training related to weapons, threat assessment, use of force, mental health, and crisis intervention.

31. All correspondence, including but not limited to emails and text messages, from June 2013.

32. All of your emails and text messages, sent or received, on June 14, 2013.

33. All notes or documents created or kept by you regarding your interview with Detective Lieutenant Kevin P. Shea and Lieutenant Gerard Mattaliano on June 17, 2013.

34. All notes and documents created or kept by you regarding any communications with any person regarding Wilfredo Justiniano.

35. Transcripts of any interviews of you or any officers, including troopers Joseph Durning, Christopher Booth, Anthony Fabiano, and Trooper Michael Close, who responded to the scene with Wilfredo Justiniano on June 14, 2013.

36. Audio tapes and digital audio files of any interviews of you or any officers, including troopers Joseph Durning, Christopher Booth, Anthony Fabiano, and Trooper Michael Close, who responded to the scene with Wilfredo Justiniano on June 14, 2013.

37. All notes and documents created or kept by you regarding Wilfredo Justiniano.

38. Audio tapes and digital audio files of any interviews of you or any officers, including troopers Joseph Durning, Christopher Booth, Anthony Fabiano, and Trooper Michael Close, who responded to the scene with Wilfredo Justiniano on June 14, 2013.

39. All documents related to or showing any maintenance to your service weapon and your O.C. spray.

40. Audio tapes, digital audio files, and any transcripts of audio tapes and digital audio files of any turret tapes, dispatch calls, or other communications with the Massachusetts State Police personnel on June 14, 2013.

41. Your entire personnel file with the Massachusetts State Police.

Respectfully submitted,

PLAINTIFF DAMARIS JUSTINIANO,

By her Attorneys,

Dated: February 28, 2017

_____
Ilyas J. Rona (BBO# 642964)
Gregory N. Corbin (BBO# 687957)
Kasey A. Emmons (BBO# 697229)
MILLIGAN RONA DURAN & KING LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
Tel: (617) 395-9570
Fax: (855) 395-5525
ijr@mrdklaw.com
gnc@mrdklaw.com
kae@mrdklaw.com

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2017 this document was served on counsel of record by e-mail and U.S. Mail.

_____
Ilyas J. Rona