# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMARIS JUSTINIANO, as the Personal Representative of the Estate of WILFREDO JUSTINIANO, JR.,<br><br>Plaintiff,<br>v.<br><br>STEPHEN WALKER, AND TIMOTHY P. ALBEN,<br><br>Defendants. | C.A. NO.: L:15-CV-11587-NMG |

TO:

| | |
|---|---|
| David J. Officer, Esq.<br>David J. Officer, P.C.<br>P.O. Box 423<br>Southborough, MA 01772 | Thomas V. DiGangi, Esq.<br>Assistant Attorney General<br>Office of the Attorney General<br>One Ashburton Place, Room 1813<br>Boston, MA 02108 |

**NOTICE OF SUBPOENA
KEEPER OF RECORDS FOR DEPARTMENT OF STATE POLICE**

PLEASE TAKE NOTICE that in connection with the above-captioned proceeding and pursuant to Federal Rule of Civil Procedure 45, Plaintiff Damaris Justiniano, by her attorneys, has issued and caused to be served a subpoena commanding production of documents upon the **Keeper of Records for Department of State Police, Office of the Chief Legal Counsel, 470 Worcester Road, Framingham, MA 01702**. The subpoena commands the production of the documents IDENTIFIED in the attached **Schedule A** to be delivered for inspection on **November 20, 2015** at 10:00 a.m. at **Milligan Rona**

**Duran & King LLC, 50 Congress Street, Suite 600, Boston, MA 02109**. You will be invited to inspect any and all documents produced pursuant to this subpoena.

|  |  |
|---|---|
| Dated: November 10, 2017 | Respectfully submitted,<br><br>_____<br>Ilyas J. Rona (BBO# 642964)<br>Gregory N. Corbin (BBO# 687957)<br>Kasey A. Emmons (BBO# 697229)<br>**MILLIGAN RONA DURAN & KING LLC**<br>50 Congress Street, Suite 600<br>Boston, MA 02109<br>Tel: (617) 395-9570<br>Fax: (855) 395-5525<br>ijr@mrdklaw.com<br>gnc@mrdklaw.com<br>kae@mrdklaw.com |

## CERTIFICATE OF SERVICE

I, Ilyas J. Rona, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail and email on November 10, 2017.

Dated: November 10, 2017

_____
Ilyas J. Rona

## SCHEDULE A

1.	A complete copy of any internal investigation files regarding Stephen Walker.

2.	All documents related to any complaints, including citizen complaints and complaints by fellow troopers, filed or reported against Stephen Walker.

3.	A complete copy of Stephen Walker's entire personnel file.

4.	A complete copy of Stephen Walker's entire disciplinary history.

5.	All use of force reports referencing, filed, or completed by Stephen Walker.

6.	All use of force reports for June 14, 2013.

7.	All use of force reports related to the Plaintiff's claims.

8.	All use of force reports related to Wilfredo Justiniano.

9.	All non-privileged documents, including any communications, SMS messages, social media posts, comments or messages, or email involving the Defendant or any of its employees from June 14, 2013 to the present regarding Wilfredo.

10.	All non-privileged documents, including any communications, SMS messages, social media posts, comments or messages, or email involving the Defendant or any of its employees from June 14, 2013 to the present related to the Plaintiff's Claims.

11.	All documents supporting the Executive Office of Public Safety and Security's denial of the Plaintiff's Massachusetts Tort Claims Act claim.

12.	All data regarding or referencing interactions, interventions, or dispatches where the Department of State Police responded to a medical emergency or a call of a

person in need of medical attention, from January 1, 2006 to the present.

13. All data regarding or referencing interactions, interventions, or dispatches where the Department of State Police responded to a medical emergency or a call of a person in need of medical attention and there was use of force, from January 1, 2006 to the present.

14. All data regarding or referencing interactions, interventions, or dispatches where the Department of State Police responded to a medical emergency or a call of a person in need of medical attention, and there was lethal use of force, from January 1, 2006 to the present.

15. All data regarding or referencing interactions, interventions, or dispatches by the Department of State Police that resulted in a fatality, from January 1, 2001 to the present.

16. All documents related to the proper use of pepper-spray, Mace, or OC spray, including but not limited to all policies, procedures, training materials, policy discussions, emails, or memoranda.

17. [*Omitted*]

18. All policies, procedures, and training materials regarding the interactions by state police troopers with citizens in need of medical attention.

19. All policies, procedures, and training materials regarding the proper ways to deescalate an interaction between a trooper and an individual undergoing a mental crisis.

20. All policies, procedures, and training materials relating to weapons training provided to troopers prior to June 14, 2013.

21. All policies, procedures, and training materials related to weapons training provided to troopers after June 14, 2013.

22. All policies, procedures, and training materials related to mental health training provided to troopers prior to June 14, 2013.

23. All policies, procedures, and training materials related to mental health training provided to troopers after June 14, 2013.

24. All policies, procedures, and training materials related to crisis intervention training provided to troopers prior to June 14, 2013.

25. All policies, procedures, and training materials related to crisis intervention training provided to troopers after June 14, 2013.

26. All documents referencing crisis intervention training, its cost, feasibility, advantages, disadvantages, or use in other jurisdictions, from January 1, 2006 to the present.

27. All data regarding interactions where the Department of State Police interacted with someone undergoing a mental crisis, from January 1, 2006 to the present.

28. [*Omitted*]

All data regarding interactions where the Department of State Police interacted with someone undergoing a mental crisis that involved the use of force against a citizen, from January 1, 2006 to the present.

29. All data regarding interactions where the Department of State Police interacted with someone undergoing a mental crisis that involved the lethal use of force against a citizen, from January 1, 2006 to the present.

30. All data regarding interactions where the Department of State Police interacted with someone undergoing a mental crisis that resulted in the death of a citizen, from January 1, 2006 to the present.

31. All documents, including but not limited to training materials, policies, and procedures, related to the proper use of force.

32. [*Omitted*]

33. [*Omitted*]

34. All documents, including but not limited to memoranda, policy reviews, meeting minutes, transcripts, or emails referencing or discussing Defendant's policy on troopers responding to 911 medical emergency calls.

35. All documents, including but not limited to memoranda, policy reviews, meeting minutes, transcripts, or emails referencing or discussing Defendant's policy on troopers responding to 911 calls where no crime had been committed.

36. All turret tapes related to Wilfredo Justiniano and/or Plaintiff's Claims.

37. All turret tapes from June 14, 2013.

38. All radio traffic recordings and transcripts from June 14, 2013.

39. All dispatch logs from June 14, 2013.

40. All text messages to or from Stephen Walker from June 14, 2013.

41. All text messages relating to Stephen Walker from June 14, 2013.

42. All text messages related to the Plaintiff's claims from June 14, 2013.

43. All telephone call recordings from June 14, 2013.

44. All telephone call recordings related to the Plaintiff's Claims from June 14, 2013.

45. [*Omitted*]

46. All non-privileged documents containing statements by witnesses to the Plaintiff's claims, including but not limited to statemetns by Karen Kyriakides, Kevin Hutton, Rhoda Christmas, Joann Silva-Winbush, Shannon MacKeen, Stephen Walker, and any other first responder or state trooper. .

47. All investigator notes related to the Plaintiff's claims, including but not limited to notes of interviews of or statements by Karen Kyriakides, Kevin Hutton, Rhoda Christmas, Joann Silva-Winbush, Shannon MacKeen, Stephen Walker, and any other first responder or state trooper.

48.: The entire investigation file relating to the shooting of Wilfredo Justinano on June 14, 2013.

49. All use of force reports submitted or completed from April 15, 2013 to October 31, 2013.

50. All first responder reports related to the Plaintiff's claims.

51. All documents related to, referencing, or memorializing first responder interviews related to the Plaintiff's Claims.

52. [*Omitted*]

53. All photographs related to the Plaintiff's claims, including the original resolution, digital, color format of the photograph.

54. All officer injury reports related to the Plaintiff's claims.

55. All documents related to weapon discharges that occurred on June 14, 2013.

56. Documents sufficient to identify all troopers, officers, local officers, and emergency personnel on the scene before, during, and immediately after Wilfredo's death on June 14, 2013.

57. Documents sufficient to identify all witnesses of the Plaintiff's Claims.

58. All psychiatric or psychological assessments of Stephen Walker.

59. [*Omitted*]

60. All documents referencing concerns of Stephen Walker fitness-for-duty.

61. All fitness-for-duty evaluations of Stephen Walker.

62. All documents referencing or discussing Stephen Walker's debt, stability of home life, bankruptcies, or drug use.

63. All lab reports related to the Plaintiff's claims.

64. All ballistics evidence related to the Plaintiff's Claims.

65. All forensic reports related to the Plaintiff's claims.

66. All documents and evidence provided to the Norfolk District Attorney related to Wilfredo's death on June 14, 2013.

67. All communications with Norfolk District Attorney related to Wilfredo's death on June 14, 2013.

68. All surveillance videos related to the Plaintiff's Claims.

69. All surveillance videos from June 14, 2013.

70. All surveillance videos related to Wilfredo Justiniano.

71. All local police reports or incident reports related to the Plaintiff's Claims.

72. All documents regarding Stephen Walker's training, including any training on the use of force, the use of lethal force, the use of pepper spray, the use of a sidearm, de-escalation techniques, interactions with individuals in the middle of mental health crises, or interactions with individuals in need of medical attention.

73. All complaints, amended complaints, demand letters, or other documents which contain allegations that the Department of State Police has engaged in or is engaging in unreasonable, negligent, or reckless acts or omissions and that negligence resulted in the death or injury of someone, from January 1, 2006 to the present.

74. All complaints, amended complaints, demand letters, or other documents which contain allegations that the Department of State Police has engaged in or is engaging in unreasonable, negligent, or reckless acts or omissions and that negligence resulted in the death or injury of someone in the middle of a mental crisis, from January 1, 2006 to the present.

75. All complaints, amended complaints, demand letters, or other documents which contain allegations that the Department of State Police has engaged in or is engaging in unreasonable, negligent, or reckless acts or omissions and that negligence resulted in the death or injury of someone in need of medical attention, from January 1, 2006 to the present.

76. [*Omitted*]

77. [*Omitted*]

78. All documents related to or referring to the use of Cruiser 696 on June 14, 2013.

79. All video, pictures, drawings, sketches, images, film, or other pictographs related to the Plaintiff's claims.

80. All CAD messages from June 14, 2013.

81. All CAD messages relating to the Plaintiff's Claims

82. All CAD messages for Stephen Walker from June 1, 2013 to June 30, 2013.

83. All Mobile Computing, Law Enforcement Record Management System messages and data from June 14, 2013.

84. All Mobile Computing, Law Enforcement Record Management System messages and data relating to the Plaintiff's Claims.

85. All Mobile Computing, Law Enforcement Record Management System messages and data for Stephen Walker from June 1, 2013 to June 30, 2013.

86. All Field Reporting (AFR) messages and data from June 14, 2013.

87. All Field Reporting (AFR) messages and data relating to the Plaintiff's Claims.

88. All Field Reporting (AFR) messages and data for Stephen Walker from June 1, 2013 to June 30, 2013.

89. All contracts, agreements, letters of intent, proposals, memoranda, or notes related to the use or possible use of dashcams.

90. All reviews of whether or not to install dashcams on cruisers, including any discussions, meetings, hearings, trials, tests, presentations, memoranda, draft memoranda, emails, or incident reports

91. All contracts, agreements, letters of intent, proposals, memoranda, or notes related to the use of possible use of body cams.

92. All reviews of whether or not to require troopers to wear body cams, including any discussions, meetings, hearings, trials, tests, presentations, memoranda, draft memoranda, emails, or incident reports

93. All dashcam footage from June 14, 2013.

94. All body cam footage from June 14, 2013.

95. All MBTA video footage or still photographs from June 14, 2013.

96. All civilian video footage from June 14, 2013.

97. All video footage, regardless of source, from June 14, 2013.

98. [*Omitted*]

99. All communications between the Defendant and Norfolk County District Attorney's office regarding the Plaintiff's claims.

100. All documents related to Crisis Intervention Training ("CIT"), including any power point presentations, slide shows, handouts, emails, faxes, proposals, or memoranda.

101. All documents related to the "Memphis Model," including any power point presentations, slide shows, handouts, emails, faxes, proposals, or memoranda.

102. [*Omitted*]

103. [*Omitted*]

104. [*Omitted*]

105. [*Omitted*]

106. All communications, including emails, to or from Lt. Col. Alben related to the Plaintiff's Claims.

107. All communications, including emails, to or from Lt. Col. Alben related to Stephen Walker.

108. All communications, including emails, to or from Stephen Walker related to the Plaintiff's Claims.

109. All communications, including emails, to or from Stephen Walker after June 14, 2013.

110. [*Omitted*]

111. All documents provided to any expert you retain in this matter.

112. All drafts, including drafts with redlines, provided to or from any expert you retain in this matter.

113. All documents you intend to present at a trial on this matter.

114. All audio recordings of witness interviews or witness statements made or obtained in connection with the shooting of Wilfredo Justiniano and/or Plaintiff's Claims, including but not limited to recordings of the interviews of or statements by Karen Kyriakides, Kevin Hutton, Rhoda Christmas, Joann Silva-Winbush, Shannon MacKeen, Stephen Walker, and any other first responder or state trooper.

115.   All documents received from New Bedford Police Department concerning Wilfredo Justiniano.

116.   All communications between Massachusetts State Police and New Bedford Police Department concerning Wilfredo Justiniano.

117.   All 911 audio recordings from June 14, 2013 relating to Wilfredo Justiniano, Karen Kyriakides, Kevin Hutton, Rhoda Christmas, Joann Silva-Winbush, Shannon MacKeen, or Stephen Walker, regardless of municipality or state office which received the 911 calls or to which the 911 calls were routed. This includes but is not limited to the towns of Braintree, Milton, and Randolph, the City of Quincy, and any state office.

118.   All 911 call transcripts from June 14, 2013 relating to Wilfredo Justiniano, Karen Kyriakides, Kevin Hutton, Rhoda Christmas, Joann Silva-Winbush, Shannon MacKeen, or Stephen Walker, regardless of municipality or state office which received the 911 calls or to which the 911 calls were routed. This includes but is not limited to the towns of Braintree, Milton, and Randolph, the City of Quincy, and any state office.

119.   All documents and emails referring to the adoption or use of TASERS after June 14, 2013.

120.   All documents and emails relating to or referring to Stephen Walker's reassignment away from Logan Airport and/or F Troop, including but not limited to reasons for the reassignment, the conduct, behavior, or incidents that prompted the reassignment.

121.   All documents and emails relating to or referring to Stephen Walker's reassignment away from Logan Airport and/or F Troop, including but not limited to

reasons for the reassignment, the conduct, behavior, or incidents that prompted the reassignment.

122. All documents showing, reflecting, or constituting a query or search of Wilfredo Justiniano, Jr.'s CORI, CJIS, NCIC, "Triple I," or any other database by any member of the Massachusetts State Police.

123. All documents showing, reflecting, or constituting a query or search of Massachusetts passenger vehicle registration 712FR9, whether through CJIS, RMV, or any other database by any member of the Massachusetts State Police.

124. All documents showing, reflecting, or purporting to state that Wilfredo Justiniano, Jr. is violent towards police.

125. An unredacted copy of Stephen Walker's Concise Officer History, showing all internal investigations, external investigations, use of force, workplace violence, in vehicle pursuit.

126. Documents sufficient to show the allegations against Stephen Walker, whether sustained or otherwise.

127. Documents sufficient to show the findings and any disciplinary actions taken against Stephen Walker as a result of any the allegations against Stephen Walker, whether sustained or otherwise.

128. To the extent not requested above, all documents referencing Wilfredo Justiniano.

129. Documents sufficient to show Stephen Walker's height and weight in 2013.