# Exhibit D



Ilyas Rona <ijr@mrdklaw.com>

## Justiniano Matters

**Ilyas Rona** <ijr@mrdklaw.com>     Thu, Nov 16, 2017 at 11:13 AM
To: "DiGangi, Tom (AGO)" <tom.digangi@state.ma.us>, David Officer <David@davidofficerlaw.com>
Cc: Kasey Emmons <kae@mrdklaw.com>

Tom and David,

I will represent Nora Justiniano for purposes of her deposition and will agree to produce her at a mutually agreeable data in New Bedford (she is in her 60s and has no easy means of getting up to Boston). I have a deposition in another matter scheduled for November 30th, so unfortunately, that date is not available. I am available the 7th and would suggest a mid-day deposition to make the commute easier on the lawyers. I don't think I have a conflict with the 1st, but I will double check and confirm. I have a dentist appointment on the morning of 13th but I will see if I can move it.

As for documents, I am happy to discuss narrowing my requests further, but I don't know if that issue has to be fully coupled with Walker deposition. My view is that under my subpoena power, I can get narrow categories of documents like Walker's disciplinary history and use of force reports in less than 30 days. Unless those are for some reason extensive, I don't think it will take too long to gather those and produce them prior to the 21st. In fact, I would be surprised if those haven't already been pulled. We can discuss the timing of other categories of documents as well as narrowed scope, but those discussions will have little bearing on the Walker deposition. My position is that I would like to go forward with the deposition as scheduled and with production of documents in Walker's possession custody or control, as well as the narrow categories of MSP records referenced above (disciplinary history and use of force reports). If we can't agree to that, then I think one or two motions will be necessary. In my experience, federal judges are pretty strict about depositions after discovery deadlines so a change in the date alone may need relief. Also, I will object to taking Walker's deposition without the benefit of the records above. David, if you will categorically object to my having these records, then I think we will agree that the matter is ripe of a motion. I should note, however, that Gorton is on record for stating that "most discovery motions are unnecessary and that if I determine that either or both counsel are being obstreperous, I may impose sanctions." He also doesn't generally handle these, and it will likely be referred to a magistrate judge, which could take an unknown time to resolve. If it goes to Cabell, he has a standing order that parties must first contact his courtroom deputy clerk, typically by e-mail, to summarize what the discovery issue is. Judge Cabell will then convene a telephone conference with the goal of helping the parties to narrow or resolve the issue. If the telephone conference is not successful, only then will the party be authorized to file a discovery motion.

I am available tomorrow to discuss the overall plan and have a 9C conference. 1 pm?

Ilyas J. Rona, Esq.
**MILLIGAN RONA DURAN & KING** LLC
50 Congress Street, Suite 600
Boston, Massachusetts 02109
Main: (617) 395-9570 | Direct: (617) 395-9573



mrdklaw.com

Confidentiality Notice: This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient we apologize for any inconvenience and ask that you inform me of the error by reply email or phone call, and delete all copies of the message and any attachments. Thank you.

[Quoted text hidden]